**BAULER et al. v. PRESSED STEEL CAR CO., Inc.**

No. 9737.

United States Court of Appeals Seventh Circuit.

May 22, 1950.

Rehearing Denied June 23, 1950.

George B. Craven, Chicago, Ill., Harry L. Kinser, Edward J. McLaughlin, Chicago, Ill., for appellants.

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., J. Roland Johnston, Pittsburgh, Pa., Arthur J. Kuhn, Chicago, Ill., Thorp, Bostwick, Reed & Armstrong, Pittsburgh, Pa., for appellee.

William S. Tyson, Sol., Bessie Margolin, Asst. Sol., William A. Lowe, E. Gerald Lamboley, Attorneys, United States Department of Labor, Washington, D. C., Herman Grant, Regional Atty., Chicago, Ill., amici curiæ.

Before MAJOR, Chief Judge, and DUFFY and FINNEGAN, Circuit Judges.

FINNEGAN, Circuit Judge.

The United States District Court for the Northern District of Illinois, Eastern Division, after hearing without a jury, dismissed plaintiffs' action against the Pressed Steel Car Company. The case was originally filed in the Superior Court of Cook County, but was removed to the District Court of the United States on January 29th, 1946.

About thirty days after the removal of the cause an amended complaint was filed in the Federal Court. The plaintiffs, more than one hundred in number, sought to recover overtime pay for duties performed by them as guards in the war plant of the defendant company, together with liquidated damages and attorneys' fees. The cause of action was based upon alleged violations by the defendant of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. Federal jurisdiction was based on section 16(b) of said Act. The amended complaint contained two counts. Apparently the guard forces of the defendant company were organized in a semimilitary manner, and the first count in the complaint was filed on behalf of the guard members who were classed as privates; the second count, on behalf of members of the organization who had attained the rank of sergeants.

We are concerned here only with the cause of the privates, or, in other words with only the first count of the amended complaint.

In that count it was charged that the defendant Pressed Steel Car Company was engaged as an independent contractor, and not as an agency of the United States Government, in processing war materials, and operated a plant near Hegewisch, Illinois. It was further charged that during the periods "alleged in the complaint" defendant was engaged in interstate commerce; that defendant employed plaintiffs

as guards for the protection of its plant and products, as a part of interstate commerce. The complaint alleges that during the time they were so employed they were required by defendant to work one-half hour per day, over and above the regular forty (40) hour week, for the purpose of changing uniforms and performing miscellaneous duties and tasks before and after they were required to punch clocks upon starting and leaving; that time cards in the possession of defendant will show the time worked by plaintiffs. They claim overtime compensation under section 7(a) of the Fair Labor Standards Act. 29 U.S. C.A. § 207(a). It is alleged that they do not have complete and accurate knowledge of the time they were so forced to work but that defendant has records which will show the exact number of hours of such overtime. They claim that large sums of money are due and owing each plaintiff under the Fair Labor Standards Act for overtime compensation, together with liquidated damages and attorneys' fees.

In their answer defendants stated five defenses. The first was that since April 8, 1942, the defendant was engaged solely in the production of material for the government of the United States for use in the prosecution of the war then being waged, that such engagement continued until hostilities ceased, and that plaintiffs were not engaged in interstate commerce as defined by the Fair Labor Standards Act. As a second defense the statute of limitations was invoked against certain plaintiffs. The third and fourth defenses were interposed only against the claims made in count two of the complaint, and are irrelevant in this appeal.

The fifth defense answered specifically the allegations made in count one of the complaint, and prays that it be dismissed at plaintiffs' costs.

The cause remained pending in the District Court until August 19, 1947, after the passage of the Portal-to-Portal Act, 29 U. S.C.A. § 251 et seq.

On that day defendant filed an amendment to its answer, adding defenses six, seven, eight and nine to their answer.

The sixth defense asserted that all acts or omissions of which plaintiffs complained were done or suffered in good faith on the part of defendant and in reliance on administrative regulations, orders, rulings and approvals and interpretations of the Administrator of the Wage and Hour Division of the Department of Labor and the Secretary of Labor and Federal officers utilized by the Secretary of Labor in the administration of the Walsh-Healey Act, 41 U.S.C.A. § 35 et seq.

The seventh defense avers that all the acts and omissions charged to the defendant were in good faith, in conformity with and in reliance on the administrative practices and enforcement policies of the Administrator of the Wage and Hour Division of the Department of Labor and the Secretary of Labor and Federal Officers utilized by the Walsh-Healey Act with respect to classes of employers to which defendants belong.

In the eighth defense it is claimed that the District Court is without jurisdiction to hear and determine count one under the Portal-to-Portal Act.

As a final defense, it is alleged that under the provisions of the Portal-to-Portal Act no relief can be granted under count one.

To these additional defenses plaintiffs replied on September 9, 1947. The reply denies the allegations made by defendants in each of the additional defenses. In addition it is claimed that sections two and nine of the Portal-to-Portal Act are unconstitutional under the Fifth Amendment to the Constitution, and that said sections are an illegal and invalid interference with the judicial branch of the United States government.

After trial, without the intervention of a jury, the District Court sustained the defendant's motion to dismiss on the ground that the plaintiffs had failed to prove a contract or a custom and practice as provided by Section 2 of the Portal-to-Portal Act.

The District Court, after holding that plaintiff's claims were not compensable by contract or by custom or practice on any

of the grounds urged by plaintiffs, proceeded to consider and discuss the constitutionality of Section 2(a) and 2(b) of the Portal-to-Portal Act. Both sections were held to be constitutional and the defendant's motion to dismiss was granted.

The appellants seek a reversal on the following grounds:

1st. That the pre-shift overtime activities, for which they seek overtime compensation and liquidated damages in an equal amount, were compensable under the Fair Labor Standards Act of 1938; and

2nd. That the Portal-to-Portal Act of 1947 does not bar their action, because:

(a) the activities on which their claim is based were compensable by virtue of a custom or practice in effect at the time and place such activities were performed;

(b) such activities were compensable by express provision of a non-written contract in effect at the time of their performance; and

(c) the activities were engaged in during a portion of the day, with respect to which such activities were made compensable by non-written contract and by custom.

The Government, on behalf of the Administrator of the Wage and Hour and Public Contracts Divisions, United States Department of Labor, filed a brief herein as amicus curiae, which was confined to two issues:

(1) Whether or not the plaintiffs were engaged in an occupation necessary to the production of goods for commerce, and

(2) Whether or not the Walsh-Healey Act affected the status of plaintiffs under the Fair Labor Standards Act.

On behalf of the defendant-appellee it is contended:

(1) That the Portal-to-Portal Act of 1947 bars the plaintiffs for compensation for pre-shift activities;

(2) That the plaintiffs' claims are barred by the doctrine of de minimus non curat lex;

(3) That the plaintiffs-appellants were neither engaged in nor necessary to the production of goods for commerce, and therefore, the Fair Labor Standards Act was not applicable to them; and

(4) The Walsh-Healey Act applied to plaintiffs' employment by the defendant and consequently the Fair Labor Standards Act was not applicable to them.

In his memorandum opinion filed in the court below, the trial judge held that the case was governed by the provision of the Portal-to-Portal Act because the suit was brought under the provisions of the Fair Labor Standards Act. Implicit in this holding is the finding that plaintiffs were engaged in or performing services necessary to the production of goods for commerce, and that the Fair Labor Standards Act was applicable to them. The decision also implicitly overruled the contention made by the defendants that the Walsh-Healey Act alone governed their employment and that the Fair Labor Standards Act was not applicable to them.

The holding of the trial judge likewise disposed of the issues raised by the Government on behalf of the Wage and Hour Divisions of the Department of Labor, and held that plaintiffs were engaged in an occupation necessary to the production of goods for commerce, and that their status under the Fair Labor Standards Act was not affected by the Walsh-Healey Act. The United States Supreme Court, in Powell v. U. S. Cartridge Co., 70 S.Ct. 755, opinion in which was filed May 8, 1950, confirmed these holdings of the trial court.

Consequently, there remains for review on this record the question of whether or not the trial court properly construed and applied the provisions of the Portal-to-Portal Act. The relevant portions of the Act, section 2, provide as follows:

"Relief from certain existing claims under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, and the Bacon-Davis Act.

"(a) No employer shall be subject to any liability or punishment under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act (in any action or proceeding commenced prior to or on or after May

14, 1947), on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any activity of an employee engaged in prior to May 14, 1947, except an activity which was compensable by either—

"(1) an express provision of a written or nonwritten contract in effect, at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer; or

"(2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee was employed, covering such activity, not inconsistent with a written or nonwritten contract, in effect at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer.

"(b) For the purposes of subsection (a) of this section, an activity shall be considered as compensable under such contract provision or such custom or practice only when it was engaged in during the portion of the day with respect to which it was so made compensable.

"(c) In the application of the minimum wage and overtime compensation provisions of the Fair Labor Standards Act of 1938, as amended, of the Walsh-Healey Act, or of the Bacon-Davis Act, in determining the time for which an employer employed an employee there shall be counted all that time, but only that time, during which the employee engaged in activities which were compensable within the meaning of subsections (a) and (b) of this section.

"(d) No court of the United States, of any State, Territory, or possession of the United States, or of the District of Columbia, shall have jurisdiction of any action or proceeding, whether instituted prior to or on or after May 14, 1947, to enforce liability or impose punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended, under the Walsh-Healey Act, or under the Bacon-Davis Act, to the extent that such action or proceeding seeks to enforce any liability or impose any punishment with respect to an activity which was not compensable under subsections (a) and (b) of this section.

"(e) No cause of action based on unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act, which accrued prior to May 14, 1947, or any interest in such cause of action, shall hereafter be assignable, in whole or in part, to the extent that such cause of action is based on an activity which was not compensable within the meaning of subsections (a) and (b) of this section." 29 U.S.C.A. § 252.

As we have pointed out, the plaintiffs were guards at the defendant's plant during the War. The work for which they seek overtime compensation under the Fair Labor Standards Act consisted in marching to and from their respective posts of duty, in a military manner, changing their attire from civilian dress to guard uniforms, or from guard uniforms to civilian dress, cleaning their equipment and examining the bulletin board.

We have carefully examined the record and can find no express contract, written or oral, made between plaintiffs and the defendant under the terms of which such services so performed were made compensable. Nor can we find any evidence of a custom or practice in effect at the time of the activities sued for which made such services so performed compensable. As a matter of fact, it appears that all of the plaintiffs involved worked at the defendant's plant for a number of years, and that during all those years they were paid for their work as guards pursuant to individual oral contracts of employment. The record nowhere shows that they as a body or that any number of them as individuals ever claimed or received overtime compensation for activities such as those for which they here seek payment. It was not until some time after the "shooting" war was over that this claim was filed in the courts of Illinois.

The trial court in the course of its opinion said: "The plaintiffs also argue, with respect to custom and practice, that during the change of a shift, the guards coming off duty are compensated for the time during which they perform the same limited activities as the guards going on duty who are not compensated. But on the next change of shift, the guards whose posts were so located that they went on duty before the hour will likewise go off duty before the hour, and will be compensated in effect for the period during which they were on post prior to the beginning of their shift. In other words, the necessary effect of using the military method of changing the guard is to make the eight-hour shift on some posts begin and end fifteen or twenty minutes before the hour rather than on the hour. But this custom is not, in my opinion, the kind of custom contemplated by the act to establish the right to overtime compensation under section 2(a), for its effect would be to compensate two sets of guards for work performed by only one."

It is clear, therefore, that the trial court found that there was no such custom or practice in effect at the plant of the defendant-company during the period for which overtime compensation is here sought. The plaintiff-appellant has not presented or argued in this court the question of the constitutionality of the Portal-to-Portal Act, which, as we have indicated heretofore, was raised in the trial court.

The trial court did, however, discuss and dispose of this contention and held that sections 2(a) and 2(d) of the Portal-to-Portal Act were constitutional. This holding of the trial court is sustained almost with unanimity by the federal district courts to which it has been submitted, and their decisions have uniformly been sustained by the courts of appeal. See editorial note 3 A.L.R.2d page 1007.

In the record here under review there is no substantial evidence of a contract, written or unwritten, between the defendant and plaintiffs or their bargaining representative, nor is there evidence of a custom or practice existing in the plant of the defendant, making compensable the ac-

tivities for which plaintiffs here seek overtime compensation, at the time when such activities were performed.

It is therefore ordered that the judgment of the District Court, dismissing the complaint at plaintiffs' costs, be and the same is hereby affirmed.